UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-20293

DOUGLAS KIRKLAND,

    Plaintiff,

v.

KFIR MOYAL ART GALLERY INC.,

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff DOUGLAS KIRKLAND by and through his undersigned counsel, brings this Complaint against Defendant KFIR MOYAL ART GALLERY INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff DOUGLAS KIRKLAND ("KIRKLAND"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Kirkland' original copyrighted works of authorship.

2.    Kirkland joined Look Magazine in his early twenties, and later Life Magazine during the golden age of 60's/70's photojournalism.  His assignments included essays on Greece, Lebanon, and Japan, as well as fashion and celebrity work, photographing Marilyn Monroe, Elizabeth Taylor, Marlene Dietrich and many others.  Kirkland's fine art photography has been exhibited all over the world.  His exhibition of Freeze Frame is now in the permanent collection of Academy of Motion Picture Arts and Sciences in Beverly Hills.  His work is also in the

permanent collections of the Smithsonian, the National Portrait Gallery in Canberra Australia, the National Portrait Gallery in London, the Eastman House in Rochester, the Houston Center for Photography, and the Annenberg Space for Photography in Los Angeles.

3. Defendant KFIR MOYAL ART GALLERY INC. ("Kfir Moyal") is a custom and personalized art work company owned and operated by artist Kfir Moyal ("Moyal"). Moyal has established a successful career as a pop artist and present in Fine Art galleries worldwide. He has commissioned pieces for the Kardashians, Iggy Azalea, Paris Hilton, Gloria Estefan, Flo Rida, L'il Kim, Miami Housewives, Frankie Grande, as well as the Steinbrenner family (owners of the New York Yankees) and Israeli Idol Singer, Harel Skaat.

4. Kirkland alleges that Kfir Moyal copied Kirkland' copyrighted Work from the internet in order to advertise, market and promote its business activities. Kfir Moyal committed the violations alleged in connection with Kfir Moyal' business for purposes of advertising and promoting sales to the public in the course and scope of Kfir Moyal' business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Kfir Moyal Art Gallery Inc. is a Florida corporation with its principal place of business at 2800 Biscayne Boulevard, Suite 400, Miami, FL 33137, and can be served by serving its Registered Agent, Brian Przystup & Associates, LLC, 2800 Biscayne Boulevard, Suite 400, Miami, FL 33137

## THE COPYRIGHTED WORK AT ISSUE

10. In 1965, Kirkland created a photograph entitled "DK_CE007.jpg," which is shown below and referred to herein as the "Work".



11. Kirkland registered the Work with the Register of Copyrights on October 31, 1989 and was assigned the registration number VA 399-173. The Certificate of Registration is attached hereto as Exhibit 1.

12. At all relevant times Kirkland was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

13. Kfir Moyal has never been licensed to use the Work at issue in this action for any purpose.

14. On a date after the Work at issue in this action was created, but prior to the filing of this action, Kfir Moyal copied the Work.

15. Kfir Moyal copied Kirkland' copyrighted Work without Kirkland' permission.

16. After Kfir Moyal copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its art gallery business.

17. Kfir Moyal copied and distributed Kirkland' copyrighted Work in connection with Kfir Moyal's business for purposes of advertising and promoting Kfir Moyal's business, and in the course and scope of advertising and selling products and services.

18. Kirkland' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

19. Kfir Moyal committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

20. Kirkland never gave Kfir Moyal permission or authority to copy, distribute or display the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

21. Plaintiff incorporates the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Kirkland owns a valid copyright in the Work at issue in this case.

23. Kirkland registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

24. Kfir Moyal copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Kirkland' authorization in violation of 17 U.S.C. § 501.

25. Kfir Moyal performed the acts alleged in the course and scope of its business activities.

26. Kirkland has been damaged.

27. The harm caused to Kirkland has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Kfir Moyal that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

e. Plaintiff be awarded prejudgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 22, 2019         Respectfully submitted,

*/s/  Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN
Florida Bar No. 1002715
alex.cohen@sriplaw.com
ANA P. MORETTO
Florida Bar No. 126347
ana.moretto@sriplaw.com

**SRIPLAW, PLLC**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Douglas Kirkland*