UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-20293-DPG-AMO

DOUGLAS KIRKLAND,

    Plaintiff,

v.

KFIR MOYAL ART GALLERY INC.,

    Defendant.

_____

## PLAINTIFF'S MOTION FOR ENTRY OF PERMANENT INJUNCTION

Plaintiff, DOUGLAS Kirkland ("Kirkland"), by and through his undersigned counsel, files this Motion for Entry of Permanent Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, and in support thereof states as follows:

1. Kirkland filed this lawsuit against Defendant, KFIR MOYAL ART GALLERY INC ("Defendant" or "KFIR"), for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501 on January 22, 2019.

2. KFIR was initially represented by counsel but on July 10, 2019, the Court permitted KFIR's counsel to withdraw. (DE 25). The Court ordered KFIR to obtain new counsel by July 30, 2019, and warned KFIR that if new counsel did not appear a default would be entered. *Id*.

3. KFIR failed to comply with this Court's order and no new counsel appeared. On July 31, the Court *sua sponte* determined that KFIR was in default. (DE 27).

4. Pursuant to the Court's instructions, on August 15, 2019, Kirkland filed his motion for entry of default judgment. (DE 29). The motion included a request for the entry of a

permanent injunction, as well as evidence and argument why a permanent injunction was necessary. (DE 27 at 9).

5. On September 17, 2019, this Court granted Kirkland's motion for default judgment. (DE 30). The Court "accept[ed] Plaintiff's well-pled allegations that Defendant copied and distributed Plaintiff's photographs (the "Work") without authorization and that, as a result of the infringement, the Work has now lost value." *Id*.

6. Also on September 17, 2019, this Court entered a Default Final Judgment in this matter. (DE 31). The Court entered judgment in default against KFIR for copyright infringement and awarded Kirkland damages, attorneys' fees and costs in the amount of $204,787. *Id*. The judgment remains unsatisfied.

7. No permanent injunction was ever entered by the Court however. This appears to have been an oversight since the motion for default judgment requested an injunction, and the Court in its Order and Judgment gave no indication that one should not be entered. A proposed form of permanent injunction is attached hereto as Exhibit 1 and is also being transmitted to chambers in editable format for the Court's convenience.

8. The entry of a permanent injunction is necessary at this time because KFIR and others acting in concert with him have continued to infringe upon Kirkland's Work, and because Mr. Moyal is engaging in active efforts to evade this Court's Order and Judgment against his company.

9. Attached hereto as Exhibit 2 is a Complaint filed yesterday in the Central District of California against KFIR, Mr. Kfir personally, and a new Florida entity created by Mr. Moyal **after** this lawsuit was filed called KFIR Moyal Art LLC[1]. The lawsuit also names an art dealer

---

[1] Attached hereto as Exhibit 3 are the Articles of formation for Mr. Moyal's new entity filed February 27, 2019.

Nausicaa Rampony and her art gallery The Cool Heart, LLC as defendants.  As Exhibit 3 to the Complaint demonstrates, Mr. Moyal has taken his infringing copies and unauthorized derivative works of Kirkland's copyrighted photograph of Brigitte Bardot to Los Angeles and offered them for sale at a gallery located in the Beverly Hills Sofitel Hotel. Thus, despite having had judgment for copyright infringement entered against his company, Mr. Moyal has continued to infringe upon Kirkland's Work on his own and with others acting in concert with him.

10. Kirkland is in need of an injunction from this Court to stop KFIR and anyone acting in concert with KFIR and Mr. Moyal from continuing to damage Kirkland in the manner described in the attached Complaint.

## PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF

A court may grant a permanent injunction to prevent future copyright infringement.  17 U.S.C. § 502(a).  To obtain an injunction, the plaintiff must satisfy the standard four-factor test required to obtain injunctive relief.  *Microsoft Corp. v. Tech. Enter., LLC*, 805 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011).  First, the plaintiff must show that "he suffered irreparable injury". *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *11.  Next the plaintiff must show that "legal remedies are inadequate to compensate for his injury".  *Id*.  Third the Plaintiff must show that "the balance of hardships between the plaintiff and the defendant weighs in the plaintiff's favor". *Id*.  And fourth that "a permanent injunction serves the public interest." *Id*.

Regarding the first and second factors, "once the moving party has demonstrated a likelihood of success on the merits of a copyright infringement claim, irreparable harm is presumed." *Stoneworks, Inc. v. Empire Marble & Granite, Inc.,* No. 98-2017-CIV-HIGHSMITH, 1998 U.S. Dist. LEXIS 21762, at *15-16 (S.D. Fla. Nov. 19, 1998); *see also Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *10-11 ("[i]n copyright cases, entry of default judgment on liability establishes likelihood of success of the merits and irreparable harm to the

plaintiff) (quotation and citations omitted).  Regarding the fourth factor, "[t]he public has an interest in enforcing copyright protections".  The four-part test "is regularly satisfied at the default-judgment stage in copyright-infringement cases." *Id.* at \*11 (citing *Arista Records*, 298 F. Supp. 2d at 1315) (granting permanent injunction with default judgment in copyright-infringement case)).

Here, KFIR caused irreparable harm to Kirkland by willfully copying his work.  Legal remedies have been shown to be inadequate here because KFIR and Mr. Moyal have continued to willfully infringe on Kirkland's works.  Furthermore, the balance of hardships weighs in favor of Kirkland as the "defendant is engaged in infringement, [and] the only hardship [it] will suffer as a result of an injunction is court-ordered compliance with the copyright laws." *EyePartner, Inc. v. Kor Media Grp. Ltd. Liab. Co.,* No. 4:13-10072-CIV, 2013 U.S. Dist. LEXIS 98370, at \*16 (S.D. Fla. July 15, 2013).

Additionally, an injunction would serve the public interest because "the public has an interest in enforcing copyright protections".  *Arista Records, Inc*, 298 F. Supp. 2d at 1314 (quotation and citation omitted).  Especially here where Mr. Kfir is intentionally and willfully disobeying this Court's prior determination of infringement. As such, Kirkland is entitled to a permanent injunction, and accordingly requests the Court enter such an injunction

## CONCLUSION

For the foregoing reasons, Plaintiff Kirkland respectfully requests this Court to enter an injunction permanently restraining and enjoining KFIR, Mr. Moyal, and anyone acting in concert with him from:

(a)    directly or indirectly infringing Plaintiff's copyrighted works or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce,

develop, or manufacture any works derived or copied from Plaintiff's copyrighted works, or to participate or assist in any such activity; and

(b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any of Plaintiff's copyrighted works.

DATED: February 12, 2020                    Respectfully submitted,

>                                      /s/  Joel B.  Rothman
>                                      JOEL B.  ROTHMAN
>                                      Florida Bar No.  98220
>                                      joel.rothman@sriplaw.com
>                                      CRAIG A.  WIRTH
>                                      Florida Bar Number:  125322
>                                      craig.wirth@sriplaw.com
>
>                                      **SRIPLAW**
>                                      21301 Powerline Road
>                                      Suite 100
>                                      Boca Raton, FL  33433
>                                      561.404.4350 – Telephone
>                                      561.404.4353 – Facsimile
>
>                                      *Attorneys for Plaintiff Douglas Kirkland*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 12, 2020, a true and correct copy of the foregoing document was served by electronic mail and certified mail to all parties listed below on the Service List.

>                                      /s/ Joel B.  Rothman
>                                      JOEL B.  ROTHMAN

## SERVICE LIST

Mr. Kfir Moyal
Kfir Moyal Art Gallery Inc.
121 NW 47th St
Miami, FL 33127